Water.io Ltd v. Sealed Air Corp., 2025 NCBC 54.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24CV029851-590

WATER.IO LTD (f/k/a WaterIO Ltd.),

Plaintiff,

v.

SEALED AIR CORPORATION,

Defendant.

**ORDER AND OPINION
ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

*Robinson, Bradshaw & Hinson, P.A., by Edward F. Hennessey, IV, Emma W. Perry, and Kelley Marie Storey, for Plaintiff Water.io Ltd (f/k/a WaterIO Ltd.).*

*Moore & Van Allen PLLC, by Bruce J. Rose, Mark J. Wilson, Scott M. Tyler, Clara Ilkka, Alexis Narducci, and Benjamin Austin, for Defendant Sealed Air Corporation.*

Conrad, Judge.

1. This case arises out of a dispute over a contract for the development and sale of sensors for use in insulated shipping containers. Plaintiff Water.io Ltd. (the seller) claims that Defendant Sealed Air Corporation (the buyer) wrongfully terminated their contract in 2021. According to Water.io, its injuries were severe and went beyond lost sales. The early, unexpected termination allegedly forced the company to delay a planned initial public offering and decimated its valuation. Now, Sealed Air has moved for partial summary judgment, arguing that Water.io may not recover the decline in valuation as damages for breach of contract. (*See* ECF No. 48.) The motion is fully briefed, and the Court held a hearing on 28 August 2025.

2. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party and draws all inferences in its favor. *See Vizant Techs., LLC v. YRC Worldwide, Inc.*, 373 N.C. 549, 556 (2020); *N.C. Farm Bureau Mut. Ins. Co. v. Sadler*, 365 N.C. 178, 182 (2011).

3.     The question to be decided is legal, not factual. For argument's sake, Sealed Air assumes that the termination of the parties' contract derailed Water.io's initial public offering and reduced its valuation. Even if true, Sealed Air contends, any damages due to devaluation are consequential (as opposed to direct or incidental)[1] and nonrecoverable. According to Sealed Air, the Uniform Commercial Code (or UCC for short) bars sellers from recovering consequential damages for breach of contract, and the parties' contract contains a limitation-of-liability clause stating that neither shall be liable to the other for consequential damages.

4.     Water.io concedes several points: devaluation damages are consequential; the UCC does not enumerate consequential damages as a remedy for sellers; and the parties' contract excludes consequential damages. Even so, Water.io contends that neither the UCC nor the contract precludes its recovery of consequential damages. This is so, according to Water.io, because the common law supplements the UCC

---

[1] "Consequential or special damages for breach of contract are those claimed to result as a secondary consequence of the defendant's non-performance. They are distinguished from general damages, which are based on the value of the performance itself, not on the value of some consequence that performance may produce." *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 671 (1995) (emphasis and citation omitted).

provisions regarding a seller's remedies and because Sealed Air has forfeited any right to enforce the contractual exclusion.

5.      After careful review, the Court agrees with Sealed Air. The UCC does not allow an aggrieved seller to recover consequential damages. And even if that were not the case, Water.io bargained for and must abide by the limitation on liability in the parties' contract.

6.      The statutory text is the place to begin. The UCC "applies to transactions in goods," such as Water.io's sale of sensors to Sealed Air. N.C.G.S. § 25-2-102. Several provisions detail the remedies available to buyers and sellers. In general, "neither consequential or special damages nor penal damages may be had *except as specifically provided* in this Chapter or by other rule of law." *Id.* § 25-1-305(a) (emphasis added). Although a few UCC provisions specifically allow buyers to recover consequential damages for a breach, *see, e.g.*, *id.* § 25-2-713, no provision allows sellers to recover them, *see id.* §§ 25-2-703–10 (seller's remedies). Thus, by their plain terms, the statutes disallow consequential damages as a remedy for sellers.

7.      Courts around the country have reached the same conclusion. As the Court of Appeals for the Fourth Circuit has observed, "[t]he overwhelming majority of jurisdictions recognize that under the U.C.C., an aggrieved seller may not recover consequential damages." *Abex Corp./Jetway Div. v. Controlled Sys.*, 1993 U.S. App. LEXIS 321, at *21 (4th Cir. Jan. 12, 1993) (reversing award of consequential damages). "Whether New York, North Carolina, or, for that matter, South Carolina law is applied, there is no circumstance where a seller of goods has the ability under

the UCC to seek consequential damages from a buyer." *Marion Mills, LLC v. Delta Mills Mktg. Co.*, 2000 U.S. Dist. LEXIS 21263, at *22–23 (W.D.N.C. Dec. 14, 2000).[2]

8.     Water.io maintains that consequential damages may be had as provided "by other rule of law," which it interprets to mean the common law. N.C.G.S. § 25-1-305(a). But the UCC makes clear that background principles of law "supplement" its provisions only when not "displaced by" them. N.C.G.S. § 25-1-103(b). The UCC's provisions on remedies for buyers and sellers are extensive and meant to displace what came before them. Put another way, "[t]he measure of damages is controlled by the applicable portions of the Uniform Commercial Code." *Indus. Circuits Co. v. Terminal Comms., Inc.*, 26 N.C. App. 536, 541 (1975). There is no room for the common law to add back in what the UCC's drafters chose to leave out. *See, e.g.*, *Firwood Mfg. Co. v. Gen. Tire, Inc.*, 96 F.3d 163, 172 (6th Cir. 1996) (holding that "Michigan common law . . . cannot 'supplement' the types of damages available to sellers"); *Validsa, Inc. v. PDVSA Servs.*, 2009 U.S. Dist. LEXIS 139147,

---

[2] There are too many similar cases to provide a complete list. *See, e.g.*, *Davidson Oil Co. v. City of Albuquerque*, 108 F.4th 1226, 1237 (10th Cir. 2024) ("[A] court may award a seller incidental damages, but not consequential damages."); *Stamtec, Inc. v. Anson Stamping Co., LLC*, 346 F.3d 651, 659 (6th Cir. 2003) ("[A] seller is not entitled to consequential damages."); *Forthill Constr. Corp. v. Blue Acquisition, LLC*, 2020 U.S. Dist. LEXIS 33727, at *4–5 (S.D.N.Y. Feb. 27, 2020) ("Consequential damages are thus specifically carved out of the damages available under the UCC absent a specific provision authorizing them."); *Dietec Co. v. Osirius Grp., LLC*, 2017 U.S. Dist. LEXIS 200276, at *16 (E.D. Mich. Dec. 6, 2017) ("In other words, the drafters of the UCC explicitly provided that buyers were entitled to both incidental and consequential damages but limited sellers to incidental damages."); *Twin Creeks Ent. v. U.S. JVC Corp.*, 1995 U.S. Dist. LEXIS 2413, at *16 (N.D. Cal. Feb. 22, 1995) ("[C]ourts have consistently concluded that sellers may not recover consequential damages under the U.C.C."); *Atl. Aviation Corp. v. Provident Life & Accident Ins. Co.*, 1989 U.S. Dist. LEXIS 10261, at *20–21 (D. Del. Aug. 2, 1989) ("[T]he sections covering a seller's damages provide only for incidental damages," meaning a seller "is not entitled to recover consequential damages.").

at *6 (S.D. Fla. Jan. 28, 2009) (holding that "the common-law does not provide an avenue for a seller's recovery of consequential damages under the Florida UCC").

9. Whether this is bad policy and unfair to sellers, as Water.io contends, is for the General Assembly to decide. The Court must apply the UCC as written. By its plain terms, the UCC bars Water.io's request for devaluation damages. That alone is a sufficient basis to grant Sealed Air's motion.

10. There is also a second, independent reason to grant the motion: Water.io bargained away its right to recover consequential damages. The parties' contract is crystal clear. It unequivocally states that "neither party shall be liable to the other party . . . for any special, punitive, indirect, incidental or consequential damages of any kind . . . arising out of or in connection with the performance of this agreement." (Purch. Agrmt. § 9, ECF No. 12.6 (all caps omitted).)

11. Water.io does not dispute the validity of this clause or its meaning. Rather, it contends that Sealed Air has forfeited any right to enforce the clause. Sealed Air has supposedly taken inconsistent positions by opposing Water.io's demand for consequential damages while seeking to recover consequential damages for its own counterclaims (and making a similar damages demand in a parallel federal case that has since been dismissed). According to Water.io, Sealed Air is either estopped from enforcing or has waived any right to enforce the contractual damages limitation.

12. The purpose of estoppel and estoppel-like doctrines is to prevent parties from changing their litigating positions in a way that threatens judicial integrity or would result in some unfair advantage. *See, e.g., Whitacre P'ship v. BioSignia, Inc.,*

358 N.C. 1, 29 (2004). Nothing of the sort has happened here. Whether Sealed Air has made a demand for consequential damages in its pleadings is debatable. But even if it had, at no point has it attempted to persuade the Court to award consequential damages or to exempt it from the contractual damages limitation. No threat to judicial integrity is apparent. Nor will Sealed Air gain any unfair advantage by prevailing on its motion. In this circumstance, equity favors upholding the parties' agreement and applying its limitation-of-liability clause equally to both sides. This is the result that levels the playing field in the litigation. And it gives Water.io exactly what it bargained for.

13. For similar reasons, Sealed Air has not waived its contractual right. "Waiver is the intentional surrender of a known right or privilege, which surrender modifies other existing rights or privileges or varies the terms of a contract." *Lenoir Mem'l Hosp., Inc. v. Stancil*, 263 N.C. 630, 633 (1965). Sealed Air's demand for damages, which it denies are consequential in nature, is hardly an intentional surrender of any right granted by the contract's limitation-of-liability clause.

14. Accordingly, the Court **GRANTS** Sealed Air's motion for partial summary judgment. Water.io may not recover consequential damages resulting from Sealed Air's alleged breach of contract. *See Crescent Univ. City Venture, LLC v. AP Atl., Inc.*, 2019 NCBC LEXIS 46, at \*56 (N.C. Super. Ct. Aug. 8, 2019) (granting summary judgment as to consequential damages).

**SO ORDERED**, this the 5th day of September, 2025.

          /s/ Adam M. Conrad
          Adam M. Conrad
          Special Superior Court Judge
           for Complex Business Cases